1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CARIBOU, <br><br> Defendant. | CASE NO. 1:15-cv-00167-JAW |
| WHITNEY NICHOLS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CARIBOU, <br><br> and <br><br> ROY E. WOODS, <br><br> Defendants. | CASE NO. 1:14-cv-00353-JAW |

## <u>CONSENT DECREE</u>

### <u>I.  INTRODUCTION</u>

In this consolidated action, the United States has asserted a claim against the City of Caribou ("Caribou") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination filed by Whitney Nichols against Caribou.  In its complaint, the United

2

States alleged that Caribou subjected Ms. Nichols to discrimination on the basis of her sex, in violation of Section 703(a) of Title VII by subjecting her to severe sexual harassment that adversely affected the terms, conditions, and privileges of her employment.  This Court has jurisdiction over the United States' claim under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

Also as part of this consolidated action, Ms. Nichols has asserted sexual harassment claims against Caribou and Roy E. Woods under 42 U.S.C. § 1983 ("§ 1983") and the Maine Human Rights Act, 5 M.R.S. §§ 4551, et seq. ("MHRA"). Similar to the United States' complaint, Ms. Nichols's complaint alleges, among other things, that Mr. Woods subjected Ms. Nichols to severe sexual harassment and that Mr. Woods and Caribou are liable for that sexual harassment under the MHRA and § 1983.

Caribou denies it has discriminated against Ms. Nichols in violation of Title VII, MHRA, and § 1983.  Nevertheless, the United States, Ms. Nichols, and Caribou (the "parties"), desiring that this action be settled by an appropriate Consent Decree ("Decree"), and to avoid the burden and risks of protracted litigation, agree to the jurisdiction of this Court over  the parties and the subject matter of this action.  This Decree, being entered into with the consent of the United States, Ms. Nichols, and Caribou, shall in no way constitute an adjudication or finding on the merits of this consolidated case, nor be construed as an admission by Caribou or a finding of wrongdoing or violation of any applicable federal law or regulation.  Furthermore, this Decree does not address or have any effect on Ms. Nichols's claims against Mr. Woods, which she and Mr. Woods have resolved separately.

3

In resolution of this action, the United States, Ms. Nichols, and Caribou hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

## II.  EQUITABLE RELIEF

1.      Caribou, by and through its officials, agents, employees, and all persons in active concert or participation with Caribou in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any employee or applicant on the basis of sex in violation of Title VII.

2.      Caribou shall not retaliate against or in any way adversely affect the terms and conditions of employment of any person, including Ms. Nichols, because that person has opposed any practice he or she believes in good faith violates Title VII; filed a charge with the EEOC or any other state or local agency charged with enforcement of anti-discrimination laws pertaining to employment; or testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII, this case, or this Decree.

3.      Within thirty (30) calendar days from the date of entry of this Decree, Caribou shall designate an employee as its Equal Employment Opportunity ("EEO") Officer.  The EEO Officer shall ensure that Caribou complies with the provisions of this Decree requiring it to revise its sexual harassment policies and to conduct sexual harassment training.  The EEO Officer shall be an employee of Caribou who reports directly to Caribou's City Manager.  Caribou shall notify all of its employees, in writing, that, in addition to other people who are authorized to receive sexual harassment

4

complaints, they may submit complaints of sexual harassment, either orally or in writing, directly to the EEO Officer.  Once the EEO Officer receives notice of a sexual harassment complaint or has any information indicating that an employee has been subjected to sexually harassing conduct, regardless of whether any employee has made a complaint, it will be the EEO Officer's responsibility to ensure that an investigation is promptly commenced in accordance with this Decree and Caribou's sexual harassment policy.

      4.    Within sixty (60) days from the date of entry of this Decree, Caribou shall submit to the United States proposed modifications to its existing policy regarding sexual harassment for the United States to review and approve.  Caribou's existing policy regarding sexual harassment, which it will modify as set forth below, was provided to the Maine Human Rights Commission ("MHRC") during the investigation of Ms. Nichols's charge of discrimination.  The modifications to Caribou's existing sexual harassment policy shall include, at a minimum, the following provisions:

      (a)    a statement that a complaint of sexual harassment may be written or oral and may be made to any supervisor or the EEO Officer;

      (b)    a statement that any supervisory or management level employee who receives an oral or written complaint of sexual harassment from an employee must report the complaint to Caribou's EEO Officer within five (5) business days of receiving such a complaint, and that supervisory employees who fail to meet this requirement may be subject to discipline;

      (c)    a statement that any supervisory or management level employee with

actual knowledge of what he or she believes is conduct that has or may contribute to a sexually hostile work environment must report his or her knowledge of this conduct to Caribou's EEO Officer within five (5) business days of obtaining such knowledge, and that supervisory employees who fail to meet this requirement may be subject to discipline;

(d)      a statement that, within twenty (20) days of the EEO Officer's receipt of a complaint of sexual harassment or receipt of information from a supervisor about sexual harassment, the EEO Officer shall inform the alleged victim of harassment that the allegations of sexual harassment will be promptly investigated;

(e)      a statement that an independent investigator who does not work for Caribou and who has expertise in investigating harassment complaints will investigate all complaints of sexual harassment promptly and objectively;

(f)      a statement that, during the course of a sexual harassment investigation, the person who is the alleged victim of sexual harassment is not required to meet with the alleged sexual harasser, work with the alleged sexual harasser, or discuss the allegations of harassment in the presence of the alleged sexual harasser;

(g)      a statement that Caribou will provide the results of sexual harassment investigations to the alleged victim of harassment in writing as soon as possible, but in no event later than thirty (30) workdays after the commencement of the investigation unless a written explanation is provided to the alleged victim as to the reason(s) that the investigation could not be completed within thirty (30) workdays; and

(h)      a statement that an employee who opposes conduct he or she believes in

6

good faith violates Title VII, which includes but is not limited to lodging a complaint with Caribou, filing an EEOC or MHRC charge, and/or participating in any manner in an investigation or proceeding or hearing under Title VII, shall not be subjected to retaliation.

5.      For purposes of this Decree, the terms "supervisory employee," "supervisor" and "management level employee" are defined to include: (a) any employee who possesses the authority to direct the work activities of at least one other employee and (b) any employee who has the authority to hire, fire, promote, transfer, or discipline another employee.

6.      During the term of this Decree, for purposes of paragraph 4(e), Caribou will select investigators to investigate sexual harassment complaints from a list of investigators produced by Caribou and approved by the United States.  The United States will not unreasonably withhold its approval of any investigators on the list produced by Caribou.  Caribou shall provide the United States with a proposed list of investigators within sixty (60) days of the approval of this Decree.

7.      Within thirty (30) calendar days from the date upon which the United States notifies Caribou that it has approved Caribou's modifications to its sexual harassment policy (the "Revised Policy"), Caribou shall disseminate the Revised Policy among all of its employees by making it available for employees to read in all buildings and facilities used for providing equal employment opportunity information, by emailing it to all employees with Caribou email addresses, by delivering paper copies to all employees without Caribou email addresses, and by publishing it on any internet or

7

intranet website used by Caribou for posting employment policies.

8.      Caribou shall ensure that each new employee receives a copy of the Revised Policy and training on the Revised Policy during each new employee's first week of work or before she or he starts work.  Within fourteen (14) calendar days after each new employee starts working for Caribou, she or he shall acknowledge in writing or electronically that she or he has read and understands the Revised Policy, and such acknowledgments shall be retained in the employee's personnel file or electronically.

9.      Within ninety (90) calendar days from the date upon which the United States approves the Revised Policy, Caribou shall provide, at its own cost, mandatory training on the law of equal employment opportunity and prohibited harassment and retaliation to all of its employees and shall provide such training on an annual basis thereafter.  The training shall, at a minimum, include an explanation of the Revised Policy.  The training shall also inform supervisors that they could face formal discipline if (a) they do not submit all employee complaints of sexual harassment to the EEO Officer or (b) they have actual knowledge that an employee has experienced sexual harassment but fail to report such knowledge to the EEO Officer.  Caribou will select, with the concurrence of the United States, a qualified individual or group of individuals to conduct the training outlined in this paragraph.  The United States' concurrence will not be unreasonably withheld.   All training materials must be provided to the United States for its review and approval at least forty-five (45) days before the mandatory training.  All persons who undergo the training shall sign an acknowledgement of attendance at the training.  Caribou shall provide the United States with documentary

8

proof that all employees attended the training within the time prescribed by this Decree by providing a copy of the signed acknowledgement of attendance forms within thirty (30) days after the training occurs.  Caribou shall retain all signed or electronically noted acknowledgments for the duration of this Decree.

10.     Caribou shall retain during the term of this Decree all documents, in paper or electronic form (including e-mail), that come into its possession relating to complaints (formal and informal) made by employees concerning sexual harassment or relating to the training mandated under this Decree.

11.     During the term of the Decree, Caribou shall report to the United States any complaint of employment discrimination based on sex (including sexual harassment) made by any employee or applicant for employment with Caribou.  Complaints filed internally to Caribou shall be reported to the United States within twenty (20) days of the submission of the internal complaint.  Complaints filed with an external agency, such as the EEOC, MHRC, or any other state or local agency charged with enforcement of anti-discrimination laws pertaining to employment, shall be reported to the United States within twenty (20) days of Caribou's receipt of the complaint filed with the external agency.

12.     The United States may review compliance with this Decree at any time after providing fourteen (14) days notice to Caribou.  As part of that review, Caribou shall provide the United States with copies of any documents relevant to Caribou's compliance with this Decree within fourteen (14) days of the United States' request or by a different deadline mutually agreed to by the United States and Caribou.

9

### III. INDIVIDUAL RELIEF

13.     Without admitting the allegations in the United States' or Ms. Nichols' Complaints, and in settlement of the claims of the United States and Ms. Nichols that they asserted in their Complaints, Caribou shall pay Ms. Nichols, within ten (10) business days of the date of this Decree, a total monetary award of $85,000.00.  No portion of the award shall be for wages, and an IRS Form 1099 shall issue.  To the extent Caribou has insurance that covers the United States' and Ms. Nichols' claims, Caribou's insurance company may remit payment to Ms. Nichols, in accordance with this paragraph, on Caribou's behalf.

### IV.  DISPUTE RESOLUTION

14.     The parties to this Decree shall attempt to resolve informally any disputes that may occur under this Decree.  If the parties are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by any party to the Court for resolution upon at least thirty (30) days written notice to the other parties.

15.     In the event there is a dispute regarding Caribou's satisfaction of any of the terms set forth in this Decree, the United States may present that dispute to the Court for resolution provided that it first complies with the procedure in paragraph 14.

16.     In the event there is a dispute regarding Caribou's satisfaction of the terms of this Decree set forth under the heading "III. INDIVIDUAL RELIEF," Ms. Nichols may present that dispute to the Court for resolution provided she first complies with the procedure in paragraph 14.  Ms. Nichols shall not have the right to request that the Court enforce any provisions of the Decree other than those under heading "III.

10

INDITIONAL RELIEF."

## V. CONTACTS FOR THE PARTIES

17.     All documents required to be delivered under this Decree to the United

States shall be sent to Senior Trial Attorney Allan Townsend.  To the extent possible,

documents shall be sent via email to Allan.Townsend@usdoj.gov.  If the documents

cannot be sent via email, they may be sent to the following address via an express

delivery service:

> Allan Townsend
> Senior Trial Attorney
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 601 D Street, N.W., Room 4928
> Washington, D.C. 20579

18.     All documents required to be delivered under this Decree to Caribou shall

to the extent possible be sent via email to citymanager@cariboumaine.org.  If the

documents cannot be sent via email, they may be sent to the following address:

> Austin Bleess, City Manager
> City of Caribou
> Caribou Municipal Building
> 25 High Street
> Caribou, ME 04736

19.     All documents required to be delivered under this Decree to Ms. Nichols

shall be sent to the following address:

> John P. Gause, Esq.
> Eastern Maine Law, LLC
> One Cumberland Place, Suite 314
> Bangor, ME 04401

11

## VI.  JURISDICTION OF THE COURT

20.     The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree.  At the end of two (2) years from the date of entry of this Decree, this Decree shall be dissolved and this action dismissed without further order of the Court.

## VII. GENERAL PROVISIONS

21.     The parties shall bear their own costs, expenses, and attorney's fees in this action, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by this Court.


It is so ORDERED, this 12th day of May, 2015.


/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


AGREED AND CONSENTED TO:

For Plaintiff United States of America:

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

By:

/s/ Delora L. Kennebrew
DELORA L. KENNEBREW (GA Bar No. 414320)
Chief

12

/s/ Karen D. Woodard
KAREN D. WOODARD (MD Bar / No Number Issued)
Deputy Chief


/s/ Allan K. Townsend
ALLAN K. TOWNSEND (ME Bar No. 9347)
Allan.Townsend@usdoj.gov
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Employment Litigation Section
PHB, Fourth Floor
Washington, D.C. 20530
Telephone: (202) 305-3302
Facsimile: (202) 514-1005


Attorneys for Defendant City of Caribou
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
BY:

/s/ John J. Wall, III
John J. Wall, III


For Plaintiff Whitney Nichols

/s/ John P. Gause
John P. Gause, Esq., ME Bar No. 8192
Attorney for Plaintiff Whitney Nichols
Eastern Maine Law, LLC
One Cumberland Place, Suite 314
Bangor, ME 04401
(207) 947-5100
jgause@easternmainelaw.com